Nash, C. J.
 

 We think there is error in the Judge’s opinion. He doubtless came to his conclusion, from the belief
 
 *140
 
 that the plaintiff could not recover the value of his vessel from the defendant, which he certainly could not, (though the detention by him might have been the remote cause of the loss of the vessel) and by not adverting to the principle, that for every tor-tious act committed as to the property of another, the perpetrator is answerable, in damages, to the owner, either in case or in trespass. If the trespass is committed on property while in possession of the owner,
 
 “
 
 trespass ” is the proper remedy; if while in the possession of another as bailee, the owner having but a reversion of the property, the action is “ case.” This is an action of the latter character — the vessel being in the actual possession of Burgess at the time the act was committed. The vessel was the property of the plaintiff, and by him chartered to Burgess for a trip to the West Indies. She was loaded with staves, the property of a Mr. Williams, and while lying at the wharf at Elizabeth City, and ready to start on her voyage, one Banks, a constable, came on board and levied several executions on the staves. In one of these executions the present defendant was the plaintiff, and Banks acted by his directions in making the levy. The executions were all against Burgess; the staves belonged to Williams. The levy was illegal; in consequence of it, the vessel was detained in port six days, and though the plaintiff is not entitled to ask for damages for the loss of the vessel, yet, he is entitled, at least, to nominal damages from the defendant, for his illegal detention, by having his execution improperly and illegally levied.
 
 Venire de now.
 

 Pee Curiam. Judgment reversed.